In the Matter of HYMAN BRAVIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 10, 1969.

*Michael Franck* of counsel (*John G. Bonomi,* attorney), for petitioner.

*Frederick H. Block* of counsel (*Bernstein, Seawell, Kaplan & Block,* attorneys), for respondent.

*Per Curiam.* The Committee on Grievances of the Association of the Bar of the City of New York has moved to confirm the report of the Referee designated to hear charges against the respondent. Respondent admits the facts forming the basis of the charges and does not dispute impropriety. The sole question is the sanction to be imposed.

The first charge concerns the use by respondent of funds delivered to him in escrow by a client for use on a closing. The second concerns the issuance over several months of a substantial number of checks which were returned by respondent's bank for insufficient funds.

358

It appears that respondent has been in practice for some 31 years. He has enjoyed a substantial practice which he has conducted with all propriety. However, he failed to manage his financial affairs in a proper manner, which led to the practices embraced in the second charge and eventually to the more serious dereliction which constituted the first charge. Throughout he was under the optimistic impression that he could by receipt of fees or by borrowing make good the moneys appropriated before he would be called upon to deliver the funds.

A lawyer is not allowed to take that risk with funds entrusted to him, even if his expectations are sincerely held. And the fact that eventually his defalcation was made good does not excuse it. Furthermore, respondent's practice of issuing worthless checks as a temporary stopgap for his difficulties cannot be condoned (*Matter of Kaufman*, 29 A D 2d 298; *Matter of Vyner*, 12 A D 2d 10).

We take into consideration respondent's long period of faithful service at the Bar, his valuable communal services, the absence of a vicious intent, his good faith in making restoration and his candid admission of the facts. With these in mind we find that suspension for a period of one year would be appropriate.

Motion to confirm the report of the Referee sustaining the charges should be granted and the respondent should be suspended from practice for a period of one year.

EAGER, J. P., CAPOZZOLI, TILZER, NUNEZ and STEUER, JJ., concur.

Respondent suspended for a period of one year, effective August 11, 1969.